UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENZIL BELL,

    Plaintiff,

v.

SARAH SCHRODER, et al.,

    Defendants.

_____/

Case No. 2:23-cv-71

Hon. Hala Y. Jarbou

### ORDER

Denzil Bell, a state prisoner, brings this 42 U.S.C. § 1983 action alleging Eighth Amendment violations by various Michigan Department of Corrections ("MDOC") employees. Bell also brings a state law gross negligence claim. The crux of Bell's complaint stems from a history of violent interactions with his cellmate, Edwards. As a result of this history, Bell made several requests to Defendants to be moved away from Edwards; these requests went unanswered. Specifically, Bell names Defendants Warden Sarah Schroeder,[1] Corrections Officer ("CO") Brett Becks, CO Thomas Salo, CO David Aaron, CO Glenn Fielding, CO Timothy Dementer, CO Craig Brennan, and Assistant Deputy Warden Gregory Schram as acting with deliberate indifference to Bell's safety, failing to protect him, and inflicting cruel and unusual punishment.

Defendants move for summary judgment on the theory that Bell failed to properly exhaust his administrative remedies (ECF No. 24). On January 30, 2024, Magistrate Judge Maarten Vermaat issued a Report and Recommendation ("R&R") recommending that the Court grant in

---

[1] In his complaint, Bell appears to have spelled Defendant Schroeder's name incorrectly. In this Order, the Court will use the Defendants' spelling but for the case caption.

part and deny in part Defendants' motion for summary judgment (ECF No. 30). The magistrate judge concluded that a genuine issue of material fact remained as to whether Bell properly exhausted his administrative remedies as to certain Defendants. Defendants object to the R&R insofar as it recommends a partial denial of summary judgment (ECF No. 31).

## I. LEGAL STANDARD

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

## II. BACKGROUND AND ANALYSIS

### A. Background and R&R

To pursue his administrative remedies, Bell filed two grievances. Grievance LMF-20-06-0676-28e ("Grievance 676") raised Defendants' failure to address Bell's request to be moved away from his cellmate Edwards. Grievance LMF-20-06-0677-27b ("Grievance 677") raised the issue of prison cells not containing emergency call buttons. Grievance 676 was rejected as untimely at Step I. Grievance 677 was rejected as non-grievable at Step I. Both rejections were upheld at Steps II and III.

As an initial matter, the Court agrees with the R&R's conclusions as it relates to any issues contained in Grievance 677. Bell argues in his response to Defendants' summary judgment motion that Grievance 677, related to the lack of in-cell emergency call buttons, is relevant to the exhaustion issue. But Bell's complaint makes no mention of the issues covered by Grievance 677. Although the magistrate judge concluded that Bell raised a non-grievable issue related to emergency call buttons, Bell nevertheless failed to include this issue in his complaint. Thus, "[i]n

other words, although Bell did not have an available grievance remedy to exhaust the issue of emergency call buttons, that issue is not the subject matter of his complaint." (R&R 15.) Upon review and with no objections to the contrary, the Court agrees with the magistrate judge's conclusion as to Grievance 677.

Grievance 676 requires some more background. That grievance, filed June 2, 2020, detailed several attempts made by Bell to secure a different cell or cellmate. In response to the question "[w]hat attempt did you make to resolve this issue prior to writing this grievance[,]" Bell wrote,

> On [May 9, 2020], I sent a kite to PC Salo. On [May 13, 2020] I sent a kite to [Warden Schroeder]. On [May 27, 2020] at 9:15 A.M. I put another kite in to Salo—same day [at] 19:51 I talked to CO Aaron after my shower[.] On [May 30, 2020] I talked to Dementer during dayroom. On all those attempts I asked to be moved cells [and] explained the situation.

(Grievance 676, ECF No. 25-3, PageID.118.) Grievance 676 was rejected as untimely at Step I of the grievance process, though the grievance rejection letter does not detail how this determination was made. (*See* Grievance 676 Rejection Letter, ECF No. 25-3, PageID.119.)

The R&R recommends partial summary judgment for certain Defendants as it relates to Grievance 676. More specifically, the R&R recommends that Defendants Becks, Fielding, Brennan, and Schram be dismissed for Bell's failure to name these Defendants in the grievance. Indeed, a prisoner's failure to name a specific official in his grievance constitutes a failure to properly exhaust as to that defendant. *See Brown v. McCullick*, No. 18-2226, 2019 WL 5436159, at *3 (6th Cir. Apr. 23, 2019) ("[B]ecause [Plaintiff] failed to name [Defendants] at step I of this grievance, he failed to exhaust his claims against them."). Thus, upon review and with no objections to the contrary, the Court agrees with the magistrate judge's conclusion as to Defendants Becks, Fielding, Brennan, and Schram.

That leaves Defendants Schroeder, Aaron, Salo, and Dementer, all of whom were named in Grievance 676. The R&R recommends that the Court deny summary judgment to these Defendants as it relates to Grievance 676. According to the magistrate judge, a genuine issue of material fact exists as to whether the MDOC properly rejected Grievance 676 as untimely.

MDOC Policy Directive 03.02.120 requires a prisoner to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grieveable issue . . . [i]f the issue is not resolved, the grievant may file a Step I grievance . . . [which] must be filed within five business days[.]" (MDOC Policy Directive 03.02.120 ¶ Q, ECF No. 25-2.) Here, Bell made five separate attempts to resolve his cellmate issue—first on May 9, 2020, again on May 13, 2020, then twice on May 27, 2020, and finally on May 30, 2020. He then filed his Step I grievance on June 2, 2020. Nowhere in the Grievance 676 Rejection Letter does the MDOC explain how it arrived at its conclusion that Bell's grievance was untimely. As the magistrate judge noted, "The Court can only speculate . . . [i]t appears that the MDOC focused only on the first date mentioned—May 9, 2020—and ignored the May 30, 2020 date." (R&R 12).

Because of this lack of clarity, the magistrate judge concluded that a genuine issue of material fact exists as to whether Bell's grievance was properly rejected as untimely by the MDOC:

> [B]ased only on the May 30, 2020 kite date, the grievance would be considered timely under policy. Here, Bell was requesting protection from his cellmate based upon the prior assault and continued threats made by his cellmate. His request for protection did not start and end on May 9, 2020. At the very least this was a continuing violation. The parties have simply not addressed this issue.

(*Id.*)

### B. Defendants' Objections

Defendants make one substantive objection. They object to the R&R's conclusion that Bell's grievance reflected a "continuing violation," arguing that the magistrate judge misapplied the so-called continuing violation doctrine. They argue that each individual attempt by Bell to

4

resolve his issue carried its own timeline. Thus, Bell's June 4, 2020 Step I Grievance was filed too late for his May 9, 2020 and May 13, 2020 attempts at resolution as those should have been grieved by May 15 and 20, respectively (accounting for weekends). As a result, Defendants argue that only the May 27 and May 30 attempts should be considered properly grieved. Further, because Warden Schroeder was only named in the May 13, 2020 attempt, Defendants argue she should be granted summary judgment.

Citing *Morgan v. Trierweiler*, 67 F.4th 362 (6th Cir. 2023), Defendants argue that the continuing violation doctrine is only applicable on a forward-looking basis. In other words, a prisoner who complains of a continuing violation of his rights need only submit one grievance to exhaust his administrative remedies; he need not submit a new grievance each time a right is violated anew. *See id.* at 370-71 (concluding that a prisoner complaining of a continuous denial of a halal diet did not need to file a grievance each time he was served a non-halal meal). Thus, Defendants contend that the June 4, 2020 grievance would only cover *subsequent* violations and thus would not cure the timing issues related to Bell's May 9 and May 13 resolution attempts.

Defendants' arguments are unpersuasive. Defendants' reading of *Morgan* and their characterization of Bell's grievance is too mechanical. The core of Bell's complaint—MDOC's failure to reassign him or his cellmate—is indeed continuous. He certainly would not have been required to file a grievance for each day that he remained assigned to a cell with Edwards. *See id.* at 370. Instead, Bell followed ¶ Q of Policy Directive 03.02.120 and made several attempts with several different MDOC employees to try and get reassigned. When those attempts evidently failed, he then filed his Step I grievance. That grievance was filed within five days of his last attempt to resolve the issue.

5

Defendants do not persuade this Court that the May 9 and May 13 resolution attempts should be treated as discrete grievable issues. But even if they were discrete, the Court lacks evidence as to when Bell was aware that these specific attempts failed, thus triggering the five-day deadline of ¶ Q. Indeed, both the May 9 and May 13 resolution attempts involved sending kites to certain defendants. Were those kites responded to and rejected? Or did Defendants receive the kites and ignore them? When did Bell know that he needed to file the Step I grievance? These are the types of facts the Court needs to conclude that no genuine issue of material fact exists as to whether Bell's grievance was properly rejected as untimely. But Defendants have not provided these facts, instead asking the Court to assume the clock started ticking as soon as Bell made each attempt. This is an inappropriate inference to draw against Bell on Defendants' summary judgment motion.

The Court thus rejects Defendants' objection as to Grievance 676. Accordingly, the Court also rejects Defendants' related objection regarding Warden Schroeder.

### III. CONCLUSION

Upon review, the R&R analyzed the issues correctly and made a sound recommendation. The Court will adopt the magistrate judge's reasoning in full. Defendants Becks, Fielding, Brennan, and Schram will be granted summary judgment and dismissed from the case. Defendants Schroeder, Aaron, Salo, and Dementer will be denied summary judgment and will remain in the case.

Accordingly,

**IT IS ORDERED** that the report and recommendation ("R&R") of the magistrate judge (ECF No. 30) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 24) is **GRANTED IN PART** and **DENIED IN PART.** It is granted insofar as it relates to

Bell's failure to properly exhaust his claims against Defendants Becks, Fielding, Brennan, and Schram.  It is denied insofar as it relates to Defendants Schroeder, Aaron, Salo, and Dementer.

**IT IS FURTHER ORDERED** that Defendants Becks, Fielding, Brennan, and Schram are **DISMISSED.**

**IT IS FURTHER ORDERED** that Defendants' objections (ECF No. 31) regarding the R&R are **OVERRULED**.

Dated: March 8, 2024                    /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        CHIEF UNITED STATES DISTRICT JUDGE