UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENZIL BELL,

    Plaintiff,

v.

SARAH SCHRODER, et al.,

    Defendants.

_____/

Case No. 2:23-cv-71

Hon. Hala Y. Jarbou

## ORDER

On June 20, 2025, the magistrate judge entered a report and recommendation ("R&R") that the Court grant Defendants' motion for summary judgment and dismiss the case. (R&R, ECF No. 66.) Before the Court are Plaintiff's objections to the R&R (ECF No. 67) and Defendants' response to those objections (ECF No. 68).

Under Rule 72 of the Federal Rules of Civil Procedure,

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

### I. BACKGROUND

In brief, Plaintiff contends that Defendants failed to protect him from his cellmate, Jerry Edwards, who brutally attacked Plaintiff without warning on May 31, 2020. A few weeks before that date, on May 4, 2020, Plaintiff had an argument with Edwards that escalated into a physical fight.[1] (Bell Dep. 21, ECF No. 64-2.) Edwards tried to choke Plaintiff and Plaintiff punched

---

[1] Plaintiff testified that Edwards has a "smart mouth" and that Plaintiff has "a low tolerance to be able to just brush that stuff off." (Bell Dep. 21.)

Edwards. (*Id.* at 22.) According to Plaintiff, his interactions with Edwards were "for the most part cordial" after their fight until Edwards attacked him on May 31, 2020. (*Id.* at 26.) But before the attack, Plaintiff told various Defendants in writing or in person that he wanted to move to a different cell. Plaintiff does not recall the specifics of what he said, but he apparently told them about his fight with Edwards on May 4, and he told several of them (including Defendants Dementer, Salo, and/or Aaron) that he feared Edwards would attack him. (*Id.* at 33-34, 41.) He also downplayed the situation to some degree, telling Aaron that he "was just trying to extricate [him]self from the situation and . . . do the right thing . . . so that we didn't have to get into it." (*Id.* at 36-37.) Similarly, he told Salo that he "had already fought in the room with [Edwards] and [he] was trying to avoid further . . . altercations with him." (*Id.* at 40.)

None of the officers did anything to separate Plaintiff from Edwards. Plaintiff claims they were deliberately indifferent to a serious risk he would be harmed, in violation of the Eighth Amendment. After reviewing the evidence, the magistrate judge concluded that Defendants are entitled to summary judgment because Plaintiff failed to demonstrate that Defendants were on notice of a substantial risk of serious harm to Plaintiff. (R&R 26.)

## II. OBJECTIONS

### A. Application of Summary Judgment Standard

Plaintiff objects that the magistrate judge made improper credibility determinations when reviewing the evidence. Specifically, Plaintiff contends that the magistrate judge focused on discrepancies in Plaintiff's testimony regarding "certain dates" and weighed that evidence in Defendants' favor. (Pl.'s Objs., PageID.537.) Indeed, the magistrate judge noted that Plaintiff "presented conflicting evidence regarding when he was in a fight with Edwards and what he told each Defendant." (R&R 19.)

A Court generally cannot resolve conflicts in the evidence at the summary judgment stage. The Court must view all the evidence, including Plaintiff's evidence, in the light most favorable to Plaintiff. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To be sure, "internally contradictory deposition testimony cannot, by itself, create a genuine dispute of material fact." *Bush v. Compass Grp. USA, Inc.*, 683 F. App'x 440, 449 (6th Cir. 2017); *accord Reich v. City of Elizabethtown*, 945 F.3d 968, 981 (6th Cir. 2019).

But much of the magistrate judge's summary of the evidence appears to improperly weigh Defendants' evidence against counterevidence from Plaintiff. For instance, the magistrate judge contrasted Plaintiff's testimony that he asked Dementer and Aaron for a cell transfer with Dementer and Aaron's testimony that they do not recall speaking with Plaintiff. (R&R 26-27.) Whether Dementer and Aaron recall those conversations is irrelevant at summary judgment; a jury could rely on Plaintiff's testimony alone to find that those conversations occurred.

Similarly, although Plaintiff testified that he sent kites to Defendants Salo and Schroeder[2] requesting a cell transfer, the magistrate judge noted that there are no copies of those kites in the record and that Salo and Schroeder testified they never received them. (*Id.* at 27.) Again, the absence of those kites in the record, and Salo and Schroeder's testimony about them, do not aid Defendants' motion. Plaintiff's testimony alone suffices to create a genuine factual dispute. The Court cannot resolve that dispute at this stage. In other words, the Court must accept Plaintiff's testimony that he sent these kites, and draw the reasonable inference that Defendants received them. It was error to credit Defendants' testimony over that of Plaintiff, and the Court departs from the R&R to the extent it does so.

---

[2] Plaintiff spells Warden Sarah Schroeder's surname as "Schroder" in his complaint; the Court will use the spelling in the record.

### B. Eighth Amendment Claim

Despite any error in weighing the evidence, the Court agrees with the magistrate judge that Plaintiff's evidence, even when construed in his favor, does not suffice to show that Defendants were aware of and disregarded a "substantial risk of serious harm" to Plaintiff, as is necessary for him to prove his Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Based on Plaintiff's testimony and evidence, the most that Defendants would have known is that Plaintiff had a fight with Edwards, his cellmate, after an argument between the two of them. Some Defendants might also have known that Plaintiff expressed a fear of being attacked by Edwards. But these facts are not sufficient to infer that Plaintiff faced a substantial risk of an unprovoked attack from Edwards. An isolated fight between cellmates following an argument does not present a substantial risk that one of them will attack the other in the future. As noted in the R&R, there is no evidence that Plaintiff was particularly vulnerable or that Edwards had a propensity to engage in violence, let alone that Defendants were aware of either of those things. (R&R 18.) Although the magistrate judge did not discuss Plaintiff's expression of fear that he would be attacked, that fear does not meaningfully add to his risk. Thus, Defendants are entitled to summary judgment on his Eighth Amendment claim.

### C. Gross Negligence Claim

Next, Plaintiff contends that there are genuine disputes of fact regarding his gross negligence claim. That may be so, but those disputes are not relevant to the outcome recommended in the R&R. The magistrate judge recommended that the Court decline to exercise supplemental jurisdiction over the gross negligence claim. Because the Court will dismiss the only claim over which the Court has original jurisdiction, the Court discerns no error in the magistrate judge's recommendation.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 66) is **APPROVED** and **ADOPTED IN PART** as the opinion of the Court insofar as it concludes that (1) Defendants' are entitled to summary judgment for Plaintiff's Eighth Amendment claim and (2) the Court should decline to exercise jurisdiction over Plaintiff's gross negligence claim.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 61) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment claim is **DISMISSED WITH PREJUDICE** because there is no genuine dispute that Defendants were not deliberately indifferent to a substantial risk of serious harm to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's gross negligence claim is **DISMISSED WITHOUT PREJUDICE** because the Court declines to exercise supplemental jurisdiction over it.

A judgment will enter consistent with this Order.

Dated: July 15, 2025                     /s/ Hala Y. Jarbou
                                         HALA Y. JARBOU
                                         CHIEF UNITED STATES DISTRICT JUDGE